UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

FIFTH APP, LLC, and JOHN HAYES,

                            **Plaintiffs,**               Civil Action No._____

              -v-

                                             **COMPLAINT**

WILLIAM ALESSI, Individually, and        **Trial by Jury Demanded**
ALPHA MODUS VENTURES, LLC,

                          **Defendants.**

--------------------------------------------------------x

PLAINTIFFS, by and through their attorneys, Horton Legal Strategies PLLC, for their Complaint against Defendants William Alessi, and Alpha Modus Ventures, LLC, allege on knowledge as to their own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs are the holders and/or inventors of several patents and patent applications registered or pending before the U.S. Patent & Trademark Office ("USPTO") related to Fiber Channel over Ethernet communication networks (collectively, the "FCoE Patents"), which patents are believed to be infringed by several others not a party to this lawsuit.

2. Defendant William Alessi ("Alessi") falsely represented to plaintiffs that defendant Alpha Modus Ventures, LLC ("AMV") would protect and expand the portfolio of FCoE Patents and, most notably, research and pursue claims against infringers of the FCoE Patents, or otherwise monetize plaintiffs' rights in the FCoE Patents, in exchange for plaintiff's assignment of the FCoE Patents to AMV. Plaintiffs were induced by Alessi into assigning the FCoE Patents to AMV based

upon these and additional false representations made by Alessi, and his concealment of material information.

3.   Alessi's materially false representations included, in part, representations that (a) AMV was an existing business entity at the time plaintiffs entered into these agreements; (b) Alessi was an authorized signatory of AMV at the time it entered into agreements with plaintiffs; (c) Alessi had sufficient resources to personally finance pre-lawsuit due diligence into potential claims against potential infringers of the FCoE Patents if AMV could not secure capital investments or other funding from a litigation finance company to pursue litigation; (d) Alessi had sufficient resources to personally finance subsequent litigation against potential infringers of the FCoE Patents if AMV could not secure capital investments or other funding from a litigation finance company to pursue litigation; (e) AMV had retained or would retain the services of Wanda French-Brown, Esq. ("French-Brown"), a patent litigation attorney, to conduct due diligence on the FCoE Patents, and (f) AMV would keep plaintiff's preferred patent litigator, French-Brown, involved in and apprised of the efforts to litigate claims against potential infringers of the FCoE Patents if French-Brown did not directly represent AMV in the litigation.

4.   Under the agreement between Fifth App and AMV, plaintiffs retained ownership of the FCoE Patents and a reversionary interest in the FCoE Patents. AMV's ability to retain its rights as an assignee of the FCoE Patents, and to gain ownership of the FCoE Patents outright, was conditioned upon AMV meeting certain conditions. AMV fell short of these conditions. AMV was obligated to provide a written due diligence report detailing certain items by June 16, 2021, which it did not, and otherwise to protect, expand, and litigate infringement claims involving the portfolio of FCoE Patents, which it did not. Further, AMV was required to perform under the MOU at its

own expense or at the personal expense of Alessi. Defendants failed to do so in material aspects. Each of these failures caused material damages to plaintiffs, who still own the FCoE Patents.

5.   Beginning at least as early as March 2021, Alessi impeded the ability of AMV to perform by refusing to take action or provide information to plaintiffs and two AMV members, including French-Brown, concerning efforts to investigate, protect, expand, and litigate infringement of the FCoE Patents.

6.   Beginning March 2021, and continuing through March 2022, AMV made no progress towards completing the initial due diligence required to be completed by June 16, 2021.

7.   By March 2022, it was clear that AMV was incapable of initiating litigation against potential infringers or otherwise monetizing the FCoE Patents—another prerequisite to retaining rights to the FCoE Patents. Namely, AMV was named in two lawsuits concerning the control and existence of the business, which lawsuits could not reasonably be expected to be resolved within the timeframes required for AMV to initiate litigation under a memorandum of understanding dated February 16, 2021.

8.   Even now, Alessi refuses to engage in any substantive conversations with plaintiffs concerning the FCoE Patents unless plaintiffs do so separately from AMV, despite the fact that plaintiffs have no agreement or requirement to engage with Alessi separate from AMV. Plaintiffs have demanded return of the FCoE Patents, but Alessi has refused and has frustrated efforts by AMV members to comply with the demand.

9.   Alessi has admitted, in part, that AMV does not own the FCoE Patents, for example, by not disclosing and declaring them as assets of AMV in tax filings with the Internal Revenue Service. Alessi has also admitted that it did not meet the conditions precedent for retaining rights to the patents or for obtaining ownership of them by, for example, admitting neither initial due

3

diligence nor the commencement of litigation or final stages of litigation and/or monetization was timely completed.

10. Alongside the above admissions, defendants have falsely claimed that AMV and/or Alessi owns the FCoE Patents in filings with the USPTO and, and defendants have done so as part of their attempts to persuade investors to fund AMV and other entities controlled or owned by Alessi bearing the term "Alpha Modus" or bearing abbreviations confusingly similar to AMV. In such filings before the USPTO, for example, Alessi falsely claimed that he has the sole power to dispose of and otherwise utilize the FCoE Patents. Both Alessi and AMV are under investigation for securities violations, as is at least one other entity controlled by Alessi that bears the term "Alpha Modus" in its name.

11. Following plaintiffs' demand to AMV to return the FCoE Patents, plaintiffs obtained an assignment of the FCoE Patents from Adimando and French-Brown and filed those assignments with the USPTO. In return, Alessi subsequently filed documents with the USPTO falsely claiming that, as of at least June 2021, AMV owns the FCoE Patents outright. As a result, the USPTO now shows the FCoE Patents as assigned to AMV.

12. Plaintiffs seek relief before this court for damages based on fraud in the inducement, fraudulent concealment, breach of contract, tortious interference with contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment.

## PARTIES, JURISDICTION, AND VENUE

13. Plaintiff FIFTH APP, LLC ("Fifth App") is an active domestic Florida limited liability company, formed and effective on February 15, 2021, with principal offices located at 130 Windward Island, Clearwater Beach, FL  33767.

14. Plaintiff JOHN HAYES ("Hayes" and collectively with Fifth App, "plaintiffs") is a citizen of the State of Florida and at all times mentioned was and still is the sole member and manager of Fifth App.

15. Defendant ALPHA MODUS VENTURES, LLC ("AMV") is a member-managed North Carolina limited liability company formed and effective on March 3, 2021, with principal offices located at 20311 Chartwell Center Drive, Suite 1469, Cornelius, NC  28031.

16. Defendant WILLIAM ALESSI ("Alessi" and collectively with AMV, "defendants") is a citizen of the State of North Carolina and the Chief Executive Officer of AMV.

17. The members of AMV are defendant Alessi, and non-parties Christopher Chumas, Louis Adimando, and Wanda French-Brown.

18. Christopher Chumas ("Mr. Chumas") is a citizen and resident of the State of South Carolina.

19. Wanda French-Brown ("French-Brown") is a citizen and resident of the State of New Jersey, and an attorney admitted to practice law in the State of New York. At all times mentioned, French-Brown is and was a member of AMV.

20. Louis Adimando ("Adimando") is a citizen and resident of the State of New York. At all times mentioned, Adimando, is and was a member of AMV and an attorney admitted to practice law in the State of New York, with law offices located at 253 Dubois Avenue, Staten Island, NY 10310. From at least AMV's formation until approximately August or September 2021, Adimando served as the general counsel of AMV.

21. The matters in controversy each exceed the sum or value of $75,000.00, exclusive of interest and costs.

22. The Court has jurisdiction over this matter pursuant to 28 USC §§1332(a) and 1367, and based upon contractual consent to the jurisdiction of this court in the letter agreement titled "Memorandum of Understanding, General Terms and Conditions" dated February 16, 2021 (the "MOU"), executed between Fifth App and AMV, which MOU is attached hereto as Exhibit A and incorporated into the complaint by this reference.

23. The Court has personal jurisdiction over defendants based upon contractual consent, and because defendants' contacts with the forum state are continuous, systematic, and purposeful, and the specific claims in this lawsuit arise from those contacts.

24. Venue is within the Eastern District of New York based upon the foregoing contractual consent to jurisdiction and venue clause, and pursuant to 28 USC §1391.

## FACTUAL BACKGROUND

25. Plaintiff Hayes executed the MOU on behalf of Fifth App on February 17, 2021, after Fifth App was formed as a Florida limited liability company.

26. Defendant Alessi executed the MOU on or about February 17, 2021, purportedly on behalf of AMV, and before AMV was formed and existed as a North Carolina limited liability company on March 3, 2021.

27. On and before February 17, 2021, Hayes was the owner and an inventor of certain U.S. patents and/or patent applications, previously referred to in paragraph 1, *supra*, as the FCoE Patents. Pursuant to the MOU, plaintiffs agreed to assign the FCoE Patents to AMV. Specifically, paragraph 2 of the MOU states: "Patent Assignment – John Hayes and/or the Company will assign USPTO application number 13/999756, the resulting patent, and all related applications to Alpha Modus Ventures, LLC."

28. Pursuant to Paragraph 2 of the MOU, Hayes concurrently signed a Patent Assignment Agreement (together with any other Patent Assignment Agreement executed by Hayes in connection with the MOU, the "PAA"), which assigned the following USPTO patent applications to AMV, including any divisions, continuations, and continuations-in-part of each of the following: Application numbers 10/689540, 11/890288, 12/590929, 13/385390, 13/999756, 17/300,018, and 17/346,054 (collectively, the "FCoE Patents" referenced in paragraph 1, *supra*).

29. Defendant Alessi, purportedly as CEO of AMV, executed the PAA before AMV was formed and existed. At no time during the execution of the MOU or PAA did AMV exist, having been formed as a domestic North Carolina limited liability company on March 3, 2021.

30. After the formation of AMV on March 3, 2021, its four members, as named in paragraph 17, *supra*, executed an Operating Agreement ("OA") on March 10, 2021.

31. The MOU states, in relevant part:

**(4) Reversion of the Patent** – In the case where the **Acquirer** does not live up to the following, in principle or in action, the subject patent and all related applications, divisions, continuations, and continuations-in-part will revert to the **Company**.
a. The **Acquirer** will have 90-120 days to complete their initial due diligence by and through their lawyers [here – Louis Adimando of The Adimando Law Group, PC, General Counsel of Alpha Modus and Alpha Modus Ventures, and Wanda French-Brown, Partner, Loeb & Loeb] and report back to the **Company** the next steps in the monetization / litigation process.
…
c. The **Acquirer** will have filed or be in the final stages of the process toward filing litigation and/or other legal measures will have been undertaken toward the monetization of the subject patent within 18 months of the signing of the subject agreement. . . .
d. Once the **Acquirer** is deemed in compliance with sections (a) – (c), it will own the subject Patent(s) in perpetuity, sharing the net proceeds garnered through its legal/commercial strategy with the **Company** as agreed herein.

(Exh. A., at 2.)

32. At no point before or after AMV was formed did AMV retain the services of Wanda French-Brown, Esq., or the law firm she is associated with as partner, Loeb & Loeb LLP, to perform the services set forth in the MOU.

33. Defendant AMV failed to provide the due diligence report on or before June 16, 2021, as required by Paragraph 4(a) of the MOU.

34. In an e-mail to Hayes dated June 27, 2022, Alessi confirmed that, only after April 2022—just a few months ago—did AMV undertake to complete the initial due diligence that was required to be completed by June 16, 2021. In that e-mail, Hayes claims that a damages report has been completed, but does not attach the report and otherwise provides no verifiable facts, detail, or proof of his claims that the initial due diligence was completed.

35. As of August 17, 2022, Defendant AMV failed to initiate litigation or be in the final stages of initiating litigation against infringers of the FCoE Patents, as required by Paragraph 4(c) of the MOU.

36. Since at least August 2021, Defendant AMV would not have been capable of initiating litigation because it did not have the unanimous consent of the members of AMV, namely Adimando and French-Brown, as required under AMV's Operating Agreement for non-trivial decisions and expenditures.

37. Specifically, AMV did not—and cannot, given the unanimous consent requirements—take any of the following actions to file litigation or be in the final stages of initiating litigation: (a) file the requisite litigation; (b) retain counsel for the specific purpose of initiating the required lawsuit and with the requisite competency to do so; (c) procure draft complaints and infringement claim charts for initiating litigation; (d) secure funding or authorize the expenditure of funds preparatory to and for initiating litigation, or (e) secure the services of a competent damages expert to testify and/or consult regarding such litigation.

38. As of August 17, 2022, Defendant AMV failed to monetize or be in the final stages of monetizing the FCoE Patents through other measures, such as licensing agreements, as required by Paragraph 4(c) of the MOU.

39. As of June 16, 2021, AMV could not take action to monetize or be in the final stages of monetizing the FCoE Patents through other measures, such as licensing agreements, as required by Paragraph 4(c) of the MOU, because AMV did not meet a separate condition precedent to retaining rights in the FCoE Patents, and therefore is not entitled to retain rights as an assignee of the subject patents, or to obtain ownership of the subject patents.

40. As of August 2021, AMV could not—given the unanimous consent requirements of AMV's operating agreement— take action to monetize or be in the final stages of monetizing the FCoE Patents through other measures, such as licensing agreements, as required by Paragraph 4(c) of the MOU, because AMV did not have the unanimous consent of the members of AMV, namely Adimando and French-Brown, as required under AMV's Operating Agreement for non-trivial decisions and expenditures.

41. Attached hereto as Exhibit B is a demand letter sent March 3, 2022, to Defendants on behalf of plaintiffs demanding return of the FCoE Patents ("Demand Letter"). The Demand Letter notes plaintiffs' intent to pursue damages against AMV if the FCoE Patents were not returned to Hayes by way of assignment. Alessi did not respond to this demand.

42. On or about March 31, 2022, Adimando and French-Brown provided Hayes with a document assigning back to Hayes the FCoE Patents unlawfully retained by defendants, and Hayes subsequently filed this assignment with the USPTO, after which the USPTO records indicated that Hayes was the lawful holder of the FCoE Patents. On or about June 2022, Alessi filed documents with the USPTO falsely claiming that AMV was the lawful owner of the FCoE Patents under

Paragraph 4(d) of the MOU. As a result of a such filing, the USPTO records currently indicate that AMV is the assignee of the FCoE Patents.

43. Since March 2022, Alessi continues to claim, on behalf of himself and AMV—in e-mail communications to Hayes, in court filings in North Carolina, and in filings before federal agencies, and otherwise to law firms, damages experts, plaintiffs, and potential investors in his various companies—that he and/or the companies he owns or controls are the owners of the FCoE Patents and that he has the authority to litigate claims concerning the FCoE Patents irrespective of plaintiffs' consent or participation.

44. On March 15, 2022, Alessi and Mr. Chumas personally filed a complaint in North Carolina state courts against AMV members Adimando and French-Brown seeking a judgment declaring that Alessi and Mr. Chumas are the sole members of AMV (the "Ouster Action").  By virtue of that lawsuit, Alessi admits that control and ownership of AMV presents a question requiring judicial intervention. Although the Ouster Action remains pending, Alessi and Mr. Chumas have failed to continue prosecuting the action.

45. On or about April 1, 2022, Adimando and French-Brown filed a complaint for the dissolution of AMV in North Carolina state courts (the "Dissolution Action"), citing, in part (a) Alessi's unauthorized activities purportedly taken "on behalf of" AMV; (b) the inability of AMV to continue operating in conformity with its operating agreement and North Carolina law given the ongoing deadlock and the unanimous consent requirement's for non-trivial actions under AMV's operating agreement; and (c) the ongoing investigation by the State of North Carolina Securities Division into self-dealing and other securities violations by Alessi using companies bearing the name "ALPHA MODUS" that are owned or controlled by Alessi.

46. The Ouster Action and Dissolution Action remain pending. In the Dissolution Action, Adimando and French-Brown filed a motion to disqualify counsel from appearing on behalf of AMV for several reasons, including the reason (a) that such counsel has a conflict of interest in representing AMV separate and apart from such counsel's personal representation of Alessi on related matters, and (b) that AMV is incapable of retaining counsel absent specific court appointment given the unanimous consent requirements for non-trivial actions taken by AMV as a member-managed company.

## AS A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF FIFTH APP, LLC AGAINST DEFENDANT ALPHA MODUS VENTURES, LLC FOR BREACH OF CONTRACT

47. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

48. At all times relevant, plaintiffs performed all, or substantially all, of the essential terms and conditions of the MOU and PAA required to be performed.

49. Plaintiffs fulfilled all conditions precedent to AMV's required performance.

50. Defendant AMV was obligated to perform under the MOU. Defendant AMV failed and/or otherwise did not perform the essential duties required of it under the MOU including, without limitation, those duties in paragraphs (4) Reversion of Patent, (8) Corporate Authority, and (14) Warranty of Authorized Signatures, and such failure to perform was not justified.

51. By reason of the foregoing, defendant AMV was and remains in breach of contract.

52. By reason of the foregoing, Plaintiff has and will incur substantial direct, incidental and/or consequential damages including lost royalties and diminution of value of the patents and/or patent applications, all of which exceed the sum or value of $75,000, exclusive of interest and costs.

## AS A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF FIFTH APP, LLC
## AGAINST DEFENDANT ALPHA MODUS VENTURES, LLC FOR
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

54. The conduct of Defendant AMV was not consistent with Fifth App's reasonable expectations of the MOU including, without limitation, that: (1) AMV did not exist at the time the MOU was signed; (2) AMV's CEO and another member refused to work cooperatively with two key members as named in the MOU; (3) Defendants were (and remain) under investigation by the State of North Carolina for securities fraud both before and after the MOU was signed by Hayes on behalf of Fifth App, which Defendant Alessi concealed from plaintiffs; (4) AMV failed to retain counsel to commence an infringement action against a known infringer of the FCoE Patents; (4) AMV and Alessi did not have sufficient funds or capital resources to perform under the MOU, or the ability under the operating agreement to make capital calls to do so; (5) AMV and Alessi refused to retain French-Brown for the initial due diligence and otherwise refused to keep Adimando and French-Brown reasonably informed and involved in its efforts to monetize the FCoE Patents; (6) Alessi and AMV otherwise acted unreasonably, resulting in an incurable deadlock within AMV, a member-managed company; (7) Alessi and AMV falsely claimed ownership and control over the FCoE Patents for the purpose of inducing investors to provide funds to Alessi, AMV, and other entities owned or controlled by Alessi, in contravention of the MOU's terms re reversion; and (8) AMV and Alessi refused to return the FCoE Patents under Paragraph 4 after unambiguously failing to meet at least two conditions precedent to retaining an assignment of rights in the FCoE Patents.

55. By reason of the foregoing, AMV was and remains in breach of the implied covenant of good faith and fair dealing.

56. By reason of the foregoing, Fifth App has and will incur substantial direct, incidental and/or consequential damages including lost royalties and diminution of value of the patents and/or patent applications, all of which exceed the sum or value of $75,000, exclusive of interest and costs.

### AS A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF FIFTH APP, LLC AGAINST DEFENDANT WILLIAM ALESSI FOR FRAUD IN THE INDUCEMENT AND FRAUDULENT CONCEALMENT

57. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

58. Before and up to the date Fifth App executed the MOU and Hayes executed the PAA, Alessi intentionally made the following misrepresentations of material facts to plaintiffs, either orally, in the MOU, in other documents provided to Hayes concurrent with the MOU, or a combination of these, namely, that: (1) he had formed AMV as a valid, existing limited lability company; (2) Alessi was authorized to execute the MOU by Defendant AMV, which had not yet been formed; (3) Alessi had the power to cause, and would cause, AMV to retain French-Brown (of Loeb & Loeb LLP) to perform the initial due diligence; (4) AMV had the requisite funds to perform under the MOU; (5) Alessi would commit his personal funds to AMV if AMV did not have funding sufficient to perform under the MOU; and (6) Alessi would keep plaintiff's preferred patent litigator, French-Brown, involved in and apprised of AMV's efforts to litigate claims against potential infringers of the FCoE Patents if French-Brown did not directly represent AMV in the litigation.

59. Before and up to the date Fifth App executed the MOU and Hayes executed the PAA, Alessi intentionally concealed from plaintiffs that: (1) both defendants were under investigation

by the State of North Carolina for securities fraud; (2) he, defendant Alessi, intended to use the executed MOU and PAA as part of his plan to obtain the FCoE Patents from Hayes by direct assignment from Hayes to Defendant AMV before AMV existed; (3) Alessi had no intention of causing AMV to retain French-Brown to conduct the initial due diligence; (4) Alessi did not personally have or did not otherwise intend to personally provide adequate funds to AMV for AMV to perform under the MOU; (5) AMV did not otherwise have adequate funds to perform under the MOU nor did Alessi, on his own, have the authority to require a capital call for the purpose of AMV obtaining necessary funds to perform under the MOU; (6) Alessi intended to use the MOU and PAA to induce others into investing into other business entities owned or controlled by Alessi by falsely representing that Alessi and or those separate business entities owned or had rights in the FCoE Patents, and (7) Alessi had no intention of keeping French-Brown involved in and apprised of  AMV's efforts to litigate claims against potential infringers of the FCoE Patents if French-Brown did not directly represent AMV in the litigation.

60. At no point between execution of the MOU and PAA through at least March 3, 2022, did Alessi disclose the foregoing material facts that were concealed from plaintiffs.

61. The foregoing misrepresentations of material facts and concealment of material information were made to induce Hayes to form Fifth App and assign his Patents to Defendant AMV, a then non-existent limited liability company, which Defendant Alessi would then use to induce other persons to invest in AMV upon its formation on March 3, 2021, or to invest in other entities bearing "ALPHA MODUS" in its name, or both.

62. At all times relevant, Defendant Alessi justifiably knew and/or believed that Hayes would not have formed Fifth App, executed the MOU on its behalf, and then execute the PAA, had the

foregoing misrepresentations of material facts and concealment of material information not been done, which was in violation of Defendant Alessi's duty of full disclosure.

63. At all times relevant, Fifth App, by and through Hayes, justifiably relied upon the foregoing intentional misrepresentations and/or concealment of material facts to its detriment.

64. By reason of the foregoing, Fifth App and Hayes has and will incur substantial direct, incidental and/or consequential damages including lost royalties and diminution of value of the patents and/or patent applications, all of which exceed the sum or value of $75,000, exclusive of interest and costs.

## AS A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FIFTH APP AND JOHN HAYES AGAINST DEFENDANT ALPHA MODUS VENTURES FOR FRAUDULENT INDUCEMENT

65. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

66. From on or about February 16 , 2021, and continuing through the preparation of the MOU and PAA, Alessi, purportedly on behalf of AMV, intentionally misrepresented the following material facts to plaintiffs, that: (1) AMV was a valid, existing limited liability company; (2) Alessi was authorized to execute the MOU by AMV, which had not yet been formed; (3) AMV had retained or would retain French-Brown (and Loeb & Loeb LLP) to perform the initial due diligence; (4) AMV had the requisite funds to perform under the MOU; (5) AMV would obtain adequate funds from Alessi if AMV was not otherwise able to obtain funding sufficient to perform under the MOU; and (6) AMV would keep plaintiff's preferred patent litigator, French-Brown, involved in and apprised of AMV's efforts to litigate claims against potential infringers of the FCoE Patents if French-Brown did not directly represent AMV in the litigation.

67. From the date Fifth App was formed on February 15, 2017, to the date Hayes individually executed the PAA on February 17, 2021, Alessi intentionally made the following misrepresentations of material facts to Hayes: (1) AMV was an existing limited lability company; (2) Alessi was authorized to execute both the MOU and PAA as the authorized signatory for AMV, which had not yet been formed; and (3) AMV intended to use the PAA in the manner prescribed in the MOU.

68. From on or about February 16, , 2021, and continuing through the execution of the MOU and PAA, Alessi, purportedly on behalf of AMV, intentionally concealed from Hayes that: (1) Alessi, AMV, and Alpha Modus, Inc. (an entity controlled by Alessi), were under investigation by the State of North Carolina for securities fraud and self-dealing; (2) he, Alessi, intended to use the executed MOU and PAA as part of his plan to obtain the patents and patent applications from Hayes by direct assignment to AMV before AMV existed; (3) that AMV had not and would not retain French-Brown to perform the initial due diligence or otherwise keep French-Brown involved in and apprised of AMV's efforts to litigate claims against potential infringers of the FCoE Patents; (4) that Alessi did not have or intend to provide the requisite personal funds to capitalize AMV sufficiently for AMV to perform under the MOU if AMV could not procure litigation funding; (5) that AMV did not have the requisite authority, under an operating agreement, to demand a capital call from its members sufficient to fund AMV's performance under the MOU; (6) that AMV intended to use the PAA in the manner prescribed in the MOU

69. The foregoing misrepresentations of material facts and concealment of material information were made to induce Hayes to form Fifth App and to assign his patents and patent applications to AMV, a then non-existent limited liability company, which Alessi would then use

to induce other persons to invest in AMV upon its formation on March 3, 2021, and to invest in other entities owned by, controlled by, or affiliated with AMV.

70. At no point between execution of the MOU and PAA through at least March 3, 2022, did AMV disclose the foregoing material facts that were concealed from plaintiffs.

71. At all times relevant, Alessi justifiably knew and/or believed that Hayes would not have formed Fifth App, executed the MOU on its behalf, and then execute the patent assignment ("PAA") (Exh. "2") had the foregoing misrepresentations of material facts and concealment of material information not been done, which was in violation of Alessi's duty of full disclosure.

72. At all times relevant, Hayes justifiably relied upon the foregoing intentional misrepresentation and/or concealment of material facts to his detriment.

73. By reason of the foregoing, Hayes has and will incur substantial direct, incidental and/or consequential damages including lost royalties and diminution of value of his patents and/or patent applications, all of which exceed the sum or value of $75,000, exclusive of interest and costs.

## AS A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF FIFTH APP, LLC AGAINST DEFENDANT WILLIAM ALESSI FOR TORTIOUS INTERFERENCE

74. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

75. Fifth App had a valid contractual relationship with AMV and Alessi was aware of the existence of this contractual relationship.

76. For his own benefit, separate and apart from AMV, Alessi intentionally sought to induce AMV to breach the contract AMV had with Fifth App and/or Hayes and, as a result, AMV breached the contract.

17

77. Alessi intentionally caused AMV to breach the contract without justification through, for example, material misrepresentations, concealment of material information, and the deliberate frustration of attempts by AMV members to honor the reversion clause of the MOU. Alessi remains under investigation by the state of North Carolina for self-dealing.

78. By reason of the foregoing, defendant AMV was and remains in breach of contract.

79. By reason of the foregoing, Fifth App has and will incur substantial direct, incidental and/or consequential damages including lost royalties and diminution of value of the patents and/or patent applications, all of which exceed the sum or value of $75,000, exclusive of interest and costs.

## AS A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS FOR DECLARATORY AND INJUNCTIVE RELIEF

80. Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

81. The Declaratory Judgment Act,  28 U.S.C. §§ 2201 and 2202, allows this Court to declare the rights and other legal relations of the parties to this dispute.

82. An actual controversy has arisen and now exists between plaintiffs on the one hand, and defendants on the other hand, concerning the respective rights and duties of the parties with respect to the FCoE Patents.

83. Plaintiffs contend that the FCoE Patents continue to be owned by Hayes and that neither AMV nor Alessi presently retain any rights in the FCoE Patents as an assignee or otherwise.

84. Plaintiffs have suffered losses, including loss of the ability to demonstrate that defendants do not own the FCoE Patents, and that defendants do not hold a valid assignment of the FCoE Patents.

85. Defendants are obligated to honor the reversion provision of the MOU or otherwise to relinquish assertion of ownership, control, or assignment of the FCoE Patents, but they have

refused. Defendants have also worked to nullify efforts by members of AMV, namely efforts by Adimando and French-Brown, that would have enabled AMV to honor the reversion provisions of the MOU.

86. Plaintiffs therefore seek a declaration of the parties' respective rights and duties under the MOU and PPA and requests the Court declare (a) the PAA as void; (b) that defendants hold no ownership or assignee rights in the FCoE Patents; (c) so that future controversies may be avoided, that the aforementioned conduct of defendants is both unlawful and in material breach of the MOU and PAA.

87. Pursuant to a declaration of the parties' respective rights and duties with respect to the FCoE Patents, plaintiffs further seek an injunction enjoining AMV and Alessi from continuing to represent themselves as owners or assignees of the FCoE Patents.

**WHEREFORE**, Plaintiffs respectfully request the following relief and judgments:

A.      On the First and Second causes of action on behalf of Plaintiff FIFTH APP, LLC against Defendant ALPHA MODUS VENTURES, LLC for an order directing that all title, rights and interests in the FCoE Patents previously provided from Hayes to AMV shall revert to HAYES, and for compensatory monetary damages in excess of the minimum jurisdictional limits of this court to be determined by a jury;

B.      On the Third cause of action on behalf of Plaintiff FIFTH APP, LLC against Defendant WILLIAM ALESSI for an order directing that all title, rights and interests in the FCoE Patents previously provided from Hayes to AMV shall revert to HAYES, and for compensatory monetary damages in excess of the minimum jurisdictional limits of this court to be determined by a jury, in addition to exemplary monetary damages for fraud in the inducement and/or concealment to be determined by a jury; and

C.      On the Fourth cause of action on behalf of Plaintiff JOHN HAYES against Defendant WILLIAM ALESSI for an order directing that the all title, rights and interests in the FCoE Patents previously provided from Hayes to AMV shall revert to HAYES, and for compensatory monetary damages in excess of the minimum jurisdictional limits of this court to be determined by a jury, in addition to exemplary monetary damages for fraud in the inducement and/or concealment to be determined by a jury; plus reasonable attorney's fees;

D.      On the Fifth cause of action on behalf of Plaintiffs FIFTH APP, LLC and JOHN HAYES, against defendants ALPHA MODUS VENTURES, LLC, and WILLIAM ALESSI, for an order declaring that the all title, rights and interests in the FCoE Patents previously provided from Hayes to AMV reverted to HAYES at least as early as March 3, 2022; that AMV and ALESSI hold no ownership or assignment interest in the FCoE Patents; and enjoining AMV and ALESSI from representing themselves as owners or holders of interests in the FCoE Patents.

E.      Plus costs, pre-judgement and post-judgment interest, and disbursements in this action; and

F.      Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs HAYES and FIFTH hereby demand a trial by jury as to all issues so triable in this case.

Dated: October 25, 2022                    Respectfully Submitted,

                                           HORTON LEGAL STRATEGIES PLLC

                                           By: /s/ Lenore Horton
                                           Lenore Horton
                                           11 Broadway, Ste 615
                                           New York, New York 10004

(212) 888-9140

*Attorneys for Plaintiffs John Hayes and Fifth App, LLC,*